UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISIONAT KNOXVILLE

| | |
|---|---|
| **BRENT T. BARNETT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. _____ |
| ) | |
| **EAGLE DISTRIBUTING CO., INC.,** ) | **JURY DEMANDED** |
| ) | |
| Defendant. ) | |

## DEFENDANT EAGLE DISTRIBUTING CO., INC.'S NOTICE OF REMOVAL

Defendant Eagle Distributing Co., Inc., ("Defendant") by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, hereby files this Notice of Removal for the above referenced action filed in the Chancery Court for Knox County, Tennessee, in which it is now pending, to the United States District Court for the Eastern District of Tennessee, Northern Division at Knoxville.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States. Plaintiff Brent T. Barnett ("Plaintiff") alleges violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") as well as the Sherman Antitrust Act of 1890 in his Complaint.

Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law causes of action that "form part of the same case or controversy" as Plaintiff's federal RICO and antitrust allegations. Further, Defendant shows the Court as follows:

# I. PROCEDURAL HISTORY

1. On June 14, 2021, Plaintiff commenced this action by filing his Complaint in the Chancery Court for Knox County, Tennessee, Docket No. 202677-2.

2. On June 15, 2021, Defendant was served with the Summons and Complaint.

3. In accordance with 28 U.S.C. § 1446(a), Defendant attaches hereto a true and correct copy of the Summons and Complaint, attached collectively hereto as **Exhibit A**, which consists of all process, pleadings, and orders served upon Defendant to date. *See* 28 U.S.C. § 1446(a) (2018).

4. In his Complaint, Plaintiff asserts multiple causes of action against Defendant, including tort claims for civil conspiracy, intentional interference in existing business relationships, and intentional interference with prospective business relationships, alongside claims for "civil RICO (state and federal) and an impermissible restraint of trade (state and federal)." *See* Complaint ¶ 186. As such, it appears the Plaintiff is asserting private causes of action based on alleged violations of the federal RICO Act codified at 18 U.S.C. § 1961, *et seq.* and the Sherman Antitrust Act of 1890 codified at 15 U.S.C. § 1, *et seq.*, alongside their counterparts in the state of Tennessee codified at Tenn. Code Ann. § 39-12-201, *et seq.* and § 47-25-101, *et seq.*, respectively.

5. Further, Plaintiff seeks "economic loss damages of at least $450,000 and punitive damages of $750,000." *See* Complaint ¶ 189.

# II. GROUNDS FOR REMOVAL

## Federal Question Jurisdiction

6. Plaintiff's Complaint asserts causes of action under federal RICO and antitrust statutes, presumably based on the provisions authorizing private causes of action for violations of

these statutes codified at 18 U.S.C. § 1964 and 15 U.S.C. § 15, respectively. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as they arise under the laws of the United States. *See* 28 U.S.C. § 1331 (2018); *see also* Blount Fin. Serv.'s, Inc. v. Walter E. Heller & Co., 632 F. Supp. 240 (E.D. Tenn. 1986) (this Court ruling on a motion to dismiss federal RICO and antitrust claims).

### Supplemental Jurisdiction Over Plaintiff's State Tort Claims

7. This Court may also exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claims for civil conspiracy, intentional interference with existing business relationships, intentional interference with future business relationships, and violations of Tennessee RICO and antitrust laws as these claims form the same case or controversy as the federal claims that give rise to this Court's original jurisdiction. *See* § 1367(a).

### Authority for Removal

8. Removal to this Court is appropriate in this case under 28 U.S.C. § 1441(a) because; 1) this is a civil action brought originally in state court, the Chancery Court for Knox County, Tennessee; 2) of which this Court has original jurisdiction, under 28 U.S.C. § 1331; and 3) this Court is the United States District Court for the district and division embracing the place where such action is pending. *See* § 1441(a).

### III. COMPLIANCE WITH REMOVAL REQUIREMENTS

9. Defendant has complied with 28 U.S.C. § 1446(a) by filing this Notice of Removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure which contains a short and plain statement of the grounds for removal, as well as a copy of all process, pleadings, and orders served upon Defendant to date in this action. *See* § 1446(a).

3

Case 3:21-cv-00251-KAC-DCP   Document 1   Filed 07/12/21   Page 3 of 5   PageID #: 3

10. As the only presently named defendant in this case, Defendant has complied with § 1446(b) by filing this Notice of Removal within 30 days after service of process and receipt of Plaintiff's Complaint. *See* § 1446(b).

11. To comply with § 1446(d), promptly after filing this Notice of Removal, Defendant shall file a copy of this Notice of Removal with the clerk of the Chancery Court for Knox County, Tennessee and provide all adverse parties with written notice of this filing. *See* § 1446(d).

## IV. NO WAIVER OR ADMISSIONS

12. By filing this Notice of Removal, Defendant does not waive any objections or defenses that are or may be available to it, including but not limited to any defenses based on jurisdiction, defects within the Plaintiff's Complaint or other pleadings, or statutes of limitation or repose.

13. Defendant does not concede or admit in any way that the allegations contained in Plaintiff's Complaint are true or accurate, or that Plaintiff is entitled to any damages, costs, attorney's fees, or any other relief in this action.

**WHEREFORE**, Defendant prays that the above-captioned cause of action be removed from the Chancery Court for Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northern Division at Knoxville.

Respectfully submitted,

\_\_\_s/Jon M. Cope_____
Jon M. Cope (BPR # 20031)
STOKES, WILLIAMS, SHARP, COPE & MANN
P.O. Box 2644
Knoxville, TN 37901
865/544-3833
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

>Darren V. Berg
>P.O. Box 33113
>Knoxville, TN 37930
>*Attorney for Plaintiff*

This  12th  day of     July                          , 2021.

>    s/Jon M. Cope
>Jon M. Cope