UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRENT THOMAS BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:21-CV-251-KAC-DCP |
| | ) | |
| EAGLE DISTRIBUTING CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER REGARDING DISMISSAL OF PLAINTIFF'S CLAIMS

This case is before the Court on "Plaintiff's Motion for Order of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. Rule 41(B)" [Doc. 16], which Defendant opposes [*See* Doc. 20]. In his motion, Plaintiff, who is represented by counsel, asks the Court to dismiss "all claims contained within the Complaint," citing Federal Rule of Civil Procedure 41(b) [Doc. 16 at 1, 2]. However, because Defendant has not filed "an answer or a motion for summary judgment," Plaintiff is entitled to dismiss this entire action without a court order under Federal Rule of Civil Procedure 41(a)(1). *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Therefore, properly construing Plaintiff's filing [Doc. 16] as a notice of voluntary dismissal, Plaintiff has dismissed this entire action as a matter of right. And this case must be closed.

Under Rule 41(a)(1)(A)(i), a Plaintiff "may dismiss an action without a court order by filing" "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). Rule 41(a)(1)(A) "is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court." *D.C. Elecs., Inc. v. Narton Corp.*, 511 F.2d 294, 298 (6th Cir. 1975). The filing of a motion to dismiss

by a defendant does not preclude dismissal as a matter of right under Rule 41(a)(1)(A)(i). Fed. R. Civ. P. 41(a)(1) (permitting dismissal "before the opposing party serves either an **answer** or a **motion for summary judgment**" (emphasis added)); *McCord v. Bd. of Educ. of Fleming Cnty., Kentucky*, No. 17-5548, 2018 WL 1724560, at *5 (6th Cir. Jan. 30, 2018) ("Our precedent holds that a motion to dismiss does not constitute an answer or a motion for summary judgment in this context" (citing *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993))); *Lundahl v. Halabi*, 600 F. App'x 596, 603 (10th Cir. 2014); *D.C.H. ex rel. Harris v. Brannon*, No. 13-2237-STA-DKV, 2014 WL 2957029, at *1 (W.D. Tenn. June 30, 2014).

Here, before Defendant served "either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff sought to dismiss "all claims contained within the Complaint," [Doc. 16 at 1]. Although Plaintiff's counsel cited the wrong portion of Rule 41 and appears to misunderstand the various avenues for dismissal under Rule 41,[1] the relief Plaintiff seeks is clear. *See Webb v. Green Tree Servicing, LLC*, No. CIV.A. ELH-11-2105, 2011 WL 6141464, at *12 (D. Md. Dec. 9, 2011) ("[C]ourts have generally held that, in order to be effective, withdrawal of a claim need not take the particular form of a document captioned 'Notice of Voluntary Dismissal'" (citing 9 WRIGHT & MILLER § 2363, at 437–41 (3d ed.2008, 2011 Supp.))). Plaintiff has provided proper notice of his desire to dismiss this action in its entirety. *See* Fed. R. Civ. P. 5(a)(1). And he has satisfied the requirements to obtain dismissal of this action under Rule 41(a)(1)(A)(i). *See* Fed. R. Civ. P. 41(a)(1). Accordingly, through his filing [Doc. 16], Plaintiff dismissed this entire action as a matter of right.

---

[1] Plaintiff's counsel's performance in this action leaves much to be desired, but the Court will not fault Plaintiff for his counsel's failures.

The Clerk of Court is **DIRECTED** to close this case.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge